UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WELTON,<br><br>    Petitioner,<br><br>    v.<br><br>BRYAN D. PHILLIPS, Acting Warden,[1]<br><br>    Respondent. | Case No. 23-cv-02119-DMR (PR)<br><br>**ORDER OF TRANSFER** |

Petitioner, a state prisoner who is incarcerated at the California State Prison - Corcoran has filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction obtained in the Solano County Superior Court. Dkt. 1. He has not completed his *in forma pauperis* application or paid the filing fee. Dkt. 3.

On May 1, 2023, the Clerk of the Court informed Petitioner that this action has been assigned to the undersigned Magistrate Judge.[2] Dkt. 4.

A petition for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court of a State which contains two or more federal judicial districts may be filed in either the district of confinement or the district of conviction. *See* 28 U.S.C. § 2241(d). The district court where the petition is filed, however, may transfer the petition to the other district in the furtherance of justice. *See id*. Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction. *See Dannenberg v. Ingle*, 831 F. Supp. 767, 767 (N.D. Cal. 1993); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal.

---

[1] Bryan D. Phillips, the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] To date, Petitioner has not yet returned the form indicating whether he consents to or declines magistrate judge jurisdiction in this action.

1968).  If the petition is directed to the manner in which a sentence is being executed, e.g., if it involves parole or time credits claims, the district of confinement is the preferable forum.  *See* Habeas L.R. 2254-3(a); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).

Here, Petitioner challenges a conviction and sentence incurred in the Solano County Superior Court, which is within the venue of the Eastern District of California.  *See* 28 U.S.C. § 84(c).  Therefore, the United States District Court for the Eastern District of California has jurisdiction over this matter.

Pursuant to 28 U.S.C. § 1406(a) and Habeas L.R. 2254-3(b), and in the interest of justice, this action is TRANSFERRED to the United States District Court for the Eastern District of California.[3]   The Clerk shall transfer the case forthwith.

All remaining pending motions are TERMINATED on this court's docket as no longer pending in this district.

IT IS SO ORDERED.

Dated:  June 7, 2023

DONNA M. RYU
Chief Magistrate Judge

---

[3] Venue transfer is a non-dispositive matter and, thus, it falls within the scope of the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).